## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FREEMAN SHELTON,

               Petitioner,                    Case. No. 2:20-cv-11274
                                                    Hon. Denise Page Hood

v.

MIKE BROWN,[1]

               Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR HABEAS RELIEF (ECF NO. 1) AND DENYING A CERTIFICATE OF APPEALABILITY

      Petitioner Freeman Shelton, a state prisoner currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his Oakland County plea convictions and sentences for the delivery or manufacture of 50 to 449 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii); and the possession of ammunition by a felon, Mich. Comp. Laws § 750.224f, for which he is serving concurrent prison terms of fifteen to forty years and two years to forty years, respectively.

---

[1]   The caption is amended to reflect the proper respondent in this case, the warden of the prison where Petitioner is currently incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); s*ee also* Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. foll. § 2254.

Petitioner argues he received ineffective assistance of counsel, that he was sentenced on the basis of inaccurate information, and that his plea was unknowing and involuntary. As explained below, none of Petitioner's claims have merit. The petition will be denied.

## I.   Background

At his November 8, 2017, plea hearing in Oakland County Circuit Court, Petitioner admitted that while in Pontiac, Michigan, he was in possession of between 50 and 450 grams of cocaine with the intent to deliver it, and of ammunition, despite prior felony convictions he knew prevented him from legally possessing it.[2] Plea Hrg. Tr., 11/8/2017, ECF No. 10-5, PageID.99-100. In the colloquy held with the court before Petitioner pleaded guilty to the charges, the court informed Petitioner he was facing a maximum sentence of life for both the drug possession and ammunition charges. *Id.* at PageID.97. Petitioner acknowledged the court's notice that it would sentence him within the calculated guidelines range. *Id.* at PageID.97. Petitioner gave up any claim that his plea was the result of promises or threats not disclosed and asserted that it was his choice to plead guilty. *Id.* at PageID.98, 99.

---

[2] Petitioner also pleaded guilty to a charge of possession of marijuana, for which he was sentenced to time served. *See* Mich. Ct. App. Rec., ECF No. 10-8, PageID.150 (Judgment of Sentence).

2

Also during the plea hearing, Petitioner's attorney informed the trial court he would file a sentencing memorandum which would "provide substantial and compelling reasons to . . . stay to the bottom of the guidelines . . ." ECF No. 10-5, PageID.94. Petitioner's guidelines range for his minimum sentence was 99 to 320 months. *Id.* At the sentencing hearing, Petitioner's attorney argued for a sentence at the low end of that range, because Petitioner was very helpful caring for his own three-year-old autistic child, was well supported by his community, and except for one incident, had been diligent and well-behaved while out on bond on a tether. Sent'g Hrg. Tr., 1/10/2018, ECF No. 10-5, PageID.107-09.

The trial court sentenced Petitioner to prison terms of fifteen to forty years for the cocaine possession charges and two years to forty years for the possession of ammunition. Trial counsel never filed the sentencing memorandum he promised the court. When Petitioner contacted him to ask about it, counsel never called him back. Mich. Ct. App. Rec., ECF No. 10-8, PageID.136 (Petitioner affidavit).

Petitioner's appellate counsel moved in the trial court for Petitioner to withdraw his plea. She argued that trial counsel had promised Petitioner he would receive a sentence at the low end of the guidelines and that he would file a sentencing memorandum with the court to that effect. Mot Hrg.

3

Tr., 8/29/2018, ECF No. 10-5, PageID.116. The trial court denied the motion, noting that the sentence Petitioner received, in the bottom half of the guidelines, was "definitely proportionate" to the nature of his crimes and background. *Id.* at 117-18.

In his application for leave to appeal his convictions to the Michigan Court of Appeals, Petitioner argued he was entitled to resentencing because his sentence was based on inaccurate information and was the result of ineffective assistance of trial counsel, and that he was coerced into taking a plea when his attorney was not acting in his best interests. Mich. Ct. App. Rec., ECF No. 10-8, PageID.122. The court of appeals denied leave to appeal, *People v. Shelton*, No. 345394 (Mich. App. Oct. 23, 2018); as did the Michigan Supreme Court. *People v. Shelton*, 503 Mich. 1020 (2019).

A timely habeas petition followed in which Petitioner raises the following two claims of error:

> I. Petitioner is entitled to resentencing where he was sentenced on inaccurate information and defense counsel violated his promise to the court and petitioner to file a sentencing memorandum contrary to the Sixth and Fourteenth Amendments.
>
> II. Petitioner's state and federal constitutional rights were violated when he was coerced into taking a plea because his attorney was not acting in his best interest and told

4

petitioner that he will be sentenced at the low end of the guidelines, which was ineffective assistance of counsel.

Pet., ECF No. 1, PageID.2.

## II.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2241 *et seq*., sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case

5

differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

The Supreme Court explains that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that [they] be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)) (alteration in original). To obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "The

6

question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

"[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Harrington*, 562 U.S. at 98. Where the state court decisions provide no rationale, the burden remains on the habeas petitioner to demonstrate that "there was no reasonable basis for the state court to deny relief." *Id*. However, when a state court has explained its reasoning, that is, "[w]here there has been one reasoned state judgment rejecting a federal claim," federal courts should presume that "later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Accordingly, when the last state court to rule provides no basis for its ruling, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and apply *Ylst*'s presumption. *Id*. The "look through" rule applies whether the last reasoned state court opinion based

its ruling on procedural default, *id.* at 1194 (citing *Ylst*, 501 U.S. at 803), or ruled on the merits. *Id*. at 1195 (citing *Premo v. Moore*, 562 U.S. 115, 123–133 (2011)) (other citation omitted).

## III.   Discussion

The state appellate courts in Petitioner's case both denied his applications for leave to appeal in standard form orders which did not report the courts' reasons for their decisions. However, the trial court addressed Petitioner's arguments on the record in the August 29, 2018, post-conviction motion hearing. Accordingly, this Court will apply *Wilson, supra*, and *Ylst*, *supra*, and presume the appellate courts' "unexplained orders" adopted the trial court's rationale.

## A. Petitioner was sentenced on inaccurate information

Petitioner argues in his first claim that his sentence was based on inaccurate information and that defense counsel "violated his promise to the court and petitioner to file a sentencing memorandum." The latter half of this issue, which Petitioner raises as a Sixth Amendment ineffective assistance claim, will be addressed in the next section.

As to Petitioner's sentencing issue, convicted criminal defendants do possess a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *See Roberts v. United States*,

445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)). A sentence based on extensively and materially false information that the prisoner had no opportunity to correct violates due process. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). "[I]n order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false." *Robinson v. Stegall*, 157 F. Supp. 2d 802, 822 (E.D. Mich. 2001) (citing *Collins v. Buchkoe*, 493 F.2d 343, 345–346 (6th Cir.1974); *Welch v. Burke*, 49 F.Supp.2d 992, 1007 (E.D. Mich. 1999)).

Petitioner has not identified any inaccurate or false information on which the trial court relied. Instead, he argues that because trial counsel failed to file the sentencing memorandum he promised, the trial court did not take into account factors which might have mitigated his culpability and resulted in a lower sentence. Petitioner's claim fails, because his theory of the omission of favorable information does not meet *Townsend*'s standard of reliance on materially false information. Nor does it establish a violation of his due process rights.

Petitioner also argues his sentence of fifteen years is "unreasonable and disproportionate." Pet., ECF No. 1, PageID.8. But a sentence whose

length is within statutory limits is generally not subject to appellate or habeas review. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) (citation omitted); *Cook v. Stegall*, 56 F. Supp.2d 788, 797 (E.D. Mich. 1999). Such a sentence "will not [be] set aside on allegations of unfairness or an abuse of discretion . . . unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking." *Doyle*, 347 F. Supp. 2d at 485. In fact, "federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute." *Id*. (citing *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000); *Allen v. Stovall*, 156 F. Supp. 2d 791, 795 (E.D. Mich. 2001)).

Here, Petitioner was convicted of possessing controlled substances with intent to deliver, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iii). An individual convicted of possessing between 50 and 450 grams of cocaine may be punished by a maximum prison term of twenty years. *Id.* In addition, Petitioner admitted to three previous felony convictions, which permitted his sentence to be enhanced under Michigan's habitual offender law. Pursuant to Mich. Comp. Laws § 769.12, because his subsequent felony conviction was punishable by a maximum term of five years or more,

Petitioner was facing the potential for a maximum term of life imprisonment.

§ 769.12(1)(b).

Neither Petitioner's minimum nor maximum terms violate his

constitutional rights. His minimum term of fifteen years (180 months) was

within the calculated guideline range of 99 to 320 months and is neither

arbitrary nor shocking. *Doyle*, 347 F. Supp. 2d at 485. Petitioner's

maximum term of forty years is less than the permitted maximum of life

imprisonment, so it is fully authorized under Michigan law. Petitioner's

sentencing claims will be denied.

## B. Ineffective assistance of counsel

Under both Petitioner's issues, he argues trial counsel was ineffective;

first, for failing to file a sentencing memorandum and in the second, for

promising Petitioner he would be sentenced at the low end of the guidelines

range. Neither theory entitles Petitioner to habeas relief.

Claims for habeas relief based on ineffective assistance of counsel

are evaluated under a "doubly deferential" standard. *Abby v. Howe*, 742

F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)).

The first layer of deference is the familiar deficient performance plus

prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687–88

(1984). That is, a habeas petitioner must show "that counsel's

11

representation fell below an objective standard of reasonableness[,]" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted).

Under the second layer of deference provided by AEDPA, a federal habeas court may "examine only whether the state court was reasonable in its determination that counsel's performance was adequate." *Abby*, 742 F.3d at 226 (citing *Burt*, 134 S. Ct. at 18). This question "is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 562 U.S. at 101.

A criminal defendant's right to effective assistance of counsel extends to the plea process. *Missouri v. Frye*, 566 U.S. 134, 144 (2012). "In cases where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Frye*, 566 U.S. at 148 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Regarding trial counsel's failure to file a sentencing memorandum, neither the Eighth Amendment nor the Due Process and Equal Protection clauses mandate consideration of mitigating factors at sentencing for cases

12

outside the death-penalty context. *Engle v. United State*s, 26 F. App'x. 394, 397 (6th Cir.2001) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *Hastings v. Yukins*, 194 F.Supp.2d 659, 673 (E.D.Mich.2002)); *see also Wiggins v. Smith*, 539 U.S. 510, 533 (2003) (observing that *Strickland* does not "require defense counsel to present mitigating evidence at sentencing in every case."). Petitioner's drug possession conviction is a non-capital case, so his constitutional rights were not violated by trial counsel's failure to file a sentencing memo.

In addition, the record refutes Petitioner's mitigation-factor argument. While trial counsel may not have filed the promised memorandum, he did argue in favor of several mitigating circumstances at sentencing. These included Petitioner's care for his own three-year-old autistic child, the community support he received, his behavior while out on bond, and his attempts at self-employment. Sent'g Hrg. Tr., 1/10/2018, ECF No. 10-5, PageID.107-09. Trial counsel was not ineffective in his performance.

Petitioner also argues that by promising he would be sentenced at the low end of the sentencing guidelines, his attorney was constitutionally ineffective. The trial court rejected that claim, finding counsel was not ineffective. Mot Hrg. Tr., 8/29/2018, ECF No. 10-5, PageID.117-18. Its holding was not unreasonable.

13

Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 689. Petitioner has not provided a basis to disrupt that presumption.

In any event, Petitioner cannot show prejudice from the purported promise, that is, a reasonable probability that without the attorney's errors, "the result of the proceeding would have been different." *Lafler*, 566 U.S. at 163. Both trial counsel and the court ensured Petitioner was well informed at the plea hearing as to his potential sentence. The trial court told Petitioner it committed only to sentencing him within the calculated guidelines range. Plea Hrg. Tr., 11/8/2017, ECF No. 10-5, PageID. 97. It also informed him he could be sentenced to a maximum term of life. *Id.* Finally, at multiple points during the hearing it was made clear that no other promises, threats, or inducements had been made to Petitioner. *Id.* at 97-99, 101. On this record, Petitioner cannot show that he was prejudiced by the attorney's purported promise of a low-end sentence, because he was so clearly informed that such a promise would not be honored.

## C. Coerced or involuntary plea

Lastly, to the extent that Petitioner asserts that his plea was coerced or involuntary due to the attorney's promise, and that the trial court erred in

14

denying his plea withdrawal motion, he is not entitled to relief. "A guilty plea is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances." *United States v. Young*, 75 F. App'x 402, 404 (6th Cir. 2003) (citing *Brady v. United States*, 397 U.S. 742, 748-49 (1970)). A valid plea requires "the defendant appreciated the consequences of the waiver, did so without coercion, and understood the rights surrendered." *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (citing *Brady*, 397 U.S. at 748-50).

"'[A] defendant need not know all the possible consequences of his plea, . . . [but] he must be aware of the maximum sentence to which he is exposed.'" *United States v. Brown*, 391 F. App'x 524, 528 (6th Cir. 2010) (quoting *Ruelas*, 580 F.3d at 408) (alterations in original). "A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a 'heavy burden" for a petitioner seeking to overturn his plea.'" *Spikes v. Mackie*, 541 F. App'x 637, 645 (6th Cir. 2013) (citing *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir.1993)). A presumption of correctness attaches to the state-court findings of fact when the plea is held to be valid. *Id*. at 645-46 (citing *Garcia*, 991 F.2d at 326-27). Finally, "[a] criminal defendant is bound by the answers he gives when 'the court has scrupulously followed the required procedure' for a

15

properly conducted plea colloquy." *United States v. Pitts*, No. 20-3238, 2021 WL 1940432 (6th Cir. May 14, 2021) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

Here, the trial court's plea colloquy was conducted scrupulously; Petitioner's charges and potential maximum sentence were reviewed with him, as well as the rights he would waive by pleading guilty. Moreover, Petitioner affirmed his understanding of each of the court's statements, including the court's assertion that its sentencing commitment was just for a term "within the guidelines as they exist at the time of sentencing . . ." Sent'g Hrg. Tr., ECF No. 10-5, PageID.97. And again, Petitioner would have heard during the hearing that no other promises or inducements applied to his case. *Id.* at 97-99, 101.

Further, Petitioner's challenge to the trial court's denial of his motion to withdraw his plea is not cognizable on habeas review because it is a state law claim.  Petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise "violated a clearly-established constitutional right," whether to allow the withdrawal of a habeas petitioner's plea is within the discretion of the state trial court. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005); *accord*,

16

*Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted). Moreover, "[i]t is well-settled that post-sentencing 'buyer's remorse' is not a valid basis" to set aside an otherwise valid guilty plea. *Meek v. Bergh*, 526 F. App'x 530, 536 (6th Cir. 2013) (internal quotations omitted).

It was not unreasonable for the trial court to find Petitioner's plea was entered knowingly and voluntarily, and to deny his motion to withdraw it. Petitioner is not entitled to habeas relief on this issue.

## IV.    Conclusion and Order

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus and this action is designated **CLOSED** on the Court's docket

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable

17

or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason would not find debatable the Court's ruling Petitioner is not entitled to relief on his ineffective assistance, sentencing, or plea claims. Accordingly, the Court **DENIES** a certificate of appealability.

Finally, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 31, 2023

18